

# UNITED STATES DISTRICT COURT
for the

Southern District of Iowa

Western Division

| | | |
|---|---|---|
| Chad Bennett<br>*Plaintiff* | ) ) ) ) ) ) ) ) | Case No. _____ |
| -v- | ) ) ) | |
| Joseph Mrstik;<br>City of Pleasantville;<br>Brian Bigaouette;<br>Marion County Sheriff's Department<br>*Defendants* | ) ) ) ) ) | |

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
(*Pro Se* Prisoner Complaint)

**I.   The Parties to the Complaint**

    **A.   The Plaintiff**

| | |
|---|---|
| Name | Chad Bennett |
| Other names | Chad Reese Bennett |
| Institution ID Number | 6252410 |
| Current Institution | Clarinda Correctional Facility |
| Address | 2000 N 16th St |
| | Clarinda, IA 51632 |
| | *City / State / Zip Code* |

    **B.   The Defendants**

Defendant No. 1

| | |
|---|---|
| Name | Joseph Mrstik |
| Job or Title | Police Chief; City Manager |
| Shield Number | 63-27-1 |
| Employer | City of Pleasantville |
| Address | 108 W Jackson St |
| | Pleasantville, IA 50225 |
| | *City / State / Zip Code* |

[X] Individual capacity    [X] Official capacity

Defendant No. 2

| | |
|---|---|
| Name | City of Pleasantville |
| Job or Title | |
| Shield Number | |
| Employer | |
| Address | 108 W Jackson St |
| | Pleasantville, IA 50225 |
| | *City / State / Zip Code* |

[ ] Individual capacity    [ ] Official capacity

Defendant No. 3

| | |
|---|---|
| Name | Brian Bigaouette |
| Job or Title | Deputy Sheriff |
| Shield Number | 63-8 |
| Employer | Marion County Sheriff's Department |
| Address | 211 N Godfrey Lane |
| | Knoxville, IA 50138 |
| | *City / State / Zip Code* |

[X] Individual capacity    [X] Official capacity

Defendant No. 4
    Name **Marion County Sheriff's Department**
    Job or Title
    Shield Number
    Employer
    Address **211 N Godfrey Lane**

| **Knoxville** | **IA** | **50138** |
|---|---|---|
| City | State | Zip Code |

☐ Individual capacity     ☐ Official capacity

## II. Basis for Jurisdiction

This suit is brought against state and local officials in Iowa under Title 42 of the United States Code, Section 1983, for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Plaintiff was deprived of his rights, privileges, or immunities by the Defendants because of unlawful restraint on freedom of movement and personal liberty and unreasonable search and seizure in violation of the Fourth Amendment to the United States Constitution, the Due Process clause of the Sixth Amendment to the United States Constitution, and statutes prohibiting false arrest, false imprisonment, malicious prosecution and intentional infliction of emotional distress.

Defendants are liable because they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.

Defendant Joseph Mrstik acted under color of state and local law as a police officer for the City of Pleasantville. In this role Defendant Mrstrik was a government official who abused his power, resulting in the deprivation of Plaintiff's rights, privileges or immunities.

Defendant Joseph Mrstik acted under color of state and local law as the chief of the police department of the City of Pleasantville, in which role he had administrative and management responsibilities for, and provided administrative and management functions regarding, the police department. In this role Defendant Mrstrik was a government official who abused his power, resulting in the deprivation of Plaintiff's rights, privileges or immunities.

Defendant Joseph Mrstik acted under color of state and local law as the city administrator or manager of the City of Pleasantville, in which role he had administrative and management responsibilities for, and provided administrative and management functions regarding, the police department. In this role Defendant Mrstrik was a government official who abused his power, resulting in the deprivation of Plaintiff's rights, privileges or immunities.

As police officer, Defendant Joseph Mrstik operated under direction of the police department's chief, who was Defendant Mrstik. As chief of the City's police department, Defendant Mrstik operated under direction of the city administrator or manager, who was Defendant Mrstik.

Defendant City of Pleasantville acted under color of state and local law as an incorporated city in Iowa that employed Defendant Mrstik as police officer, chief of the police department, and

administrator or manager of the City, and that developed, approved, administered, and managed City policy and procedure. The City knowingly and intentionally maintained customs, training and policy that resulted in the deprivation of Plaintiff's rights, privileges or immunities.

Defendant Brian Bigaouette acted under color of state and local law as a sheriff's deputy for the Marion County Sheriff's Department. In this role Defendant Bigaouette was a government official who abused his power, resulting in the deprivation of Plaintiff's rights, privileges or immunities.

Defendant Brian Bigaouette acted under color of state and local law as a lieutenant, supervisor and administrator for the Marion County Sheriff's department. In this role Defendant Bigaouette was a government official who abused his power, resulting in the deprivation of Plaintiff's rights, privileges or immunities.

Defendant Marion County Sheriff's Department acted under color of state and local law as a law enforcement agency in Iowa that employed Defendant Bigaouette as deputy, lieutenant, supervisor, and administrator for the Department, and that developed, approved, administered, and managed Department policy and procedure, and that provided law enforcement service for the Pleasantville community through arrangement with the City of Pleasantville. The Department knowingly and intentionally maintained customs, training and policy that resulted in the deprivation of Plaintiff's rights, privileges or immunities.

## III. Prisoner Status

Plaintiff is currently an inmate in Iowa.

## IV. Statement of Claim

On June 29, 2020, in the city of Pleasantville, Iowa, Plaintiff was arrested and taken into custody without warrant and without probable cause or reasonable ground, and therefore in the absence of legal process, by Defendant Joseph Mrstik while Defendant Mrstik was off duty with the malicious intent to inflict severe emotional distress on Plaintiff.

Defendant Mrstik completed police arrest reports with sworn affidavits several hours after taking Plaintiff into custody. The affidavits were made with a reckless disregard for the truth and contained intentionally false statements for the purpose of misleading a magistrate or judge into believing the existence of certain facts in evaluating probable cause or reasonable ground for the arrest and for holding Plaintiff in custody, thereby further inflicting severe emotional distress on Plaintiff. In addition, Defendant Mrstik recited these reckless and intentionally false statements to Marion County Attorney Ed Bull for the purpose of building support for arresting and charging Plaintiff, and for the purpose of improperly influencing the prosecutorial decision making role of the County Attorney in regard to Plaintiff.

These reckless and intentionally false statements in Defendant Mrstik's affidavits include quoting to the magistrate or judge a complainant's statements allegedly made to Defendant Mrstik in an interview. An audio recording of the interview obtained by the Marion County Attorney's Office

later revealed that the complainant did not make these statements. In view of the complainant's actual statements, Defendant Mrstik's statements in the affidavits are shocking to the conscience. In addition, the complainant's subsequent sworn testimony regarding the interview with Defendant Mrstik revealed that no such probable cause or reasonable ground was elicited in the interview. In a sworn deposition on October 5, 2020, Defendant Mrstik provided an account of his initial interaction with the complainant on June 29, 2020, and this account is contradicted by the testimony of witnesses who were present.

False affidavits notwithstanding, the facts and circumstances known to Defendant Mrstik at the time of the arrest would have caused a reasonable person to doubt the veracity of the complainant's interview statements. Because the facts and circumstances known to Defendant Mrstik did not provide reasonable ground to believe Plaintiff committed an offense, Defendant Mrstik fabricated reasonable ground with deliberate lies and a reckless disregard for the truth. Defendant Mrstik knowingly, intentionally, and with malice toward Plaintiff, lied in affidavits presented to an Iowa District Court judge in order to satisfy constitutional and statutory requirements for detention and prosecution, thereby furthering his intentional infliction of severe emotional distress on the Plaintiff.

On June 29, 2020, Defendant Mrstik used the aforementioned recklessly made and intentionally false statements, statements allegedly made by a complainant but that were not made, to prepare a sworn affidavit in an application for a search warrant for Plaintiff's residence. This affidavit also shows a reckless disregard for the truth by containing numerous other intentional lies, mistruths, and omissions made for the purpose of misleading a magistrate or judge into believing the existence of certain facts in evaluating probable cause or reasonable ground to issue a search warrant. This fraudulent search warrant application and affidavit resulted in the issuance of a search warrant that was facially defective and failed to meet requirements for particularity.

The search warrant application prepared by Defendant Mrstik did not meet probable cause, reasonable ground, or particularity requirements. The application failed to establish a nexus between suspected criminal activity and the specific location to be searched, and failed to establish a nexus between Plaintiff and the specific location to be searched. In addition, the application did not establish sufficient particularity for the items listed to be seized.

On June 29, 2020, in Pleasantville, Iowa, Defendant Mrstik executed a search warrant for Plaintiff's residence that any reasonably well-trained police officer exercising professional judgment would have recognized as so obviously facially defective, and therefore plainly invalid, that reliance on it was not objectively reasonable. The facial defects included incorrect law enforcement agency, incorrect case number, illegible endorsement signature without printed name, incorrect crimes listed as being investigated, and an obvious contradiction between the crimes listed as being investigated and the list of items to be seized. In addition to being obviously facially defective, the warrant failed to conform to particularity requirements in its description of items to be seized. The search warrant did not incorporate by reference or otherwise any of the application materials, thereby preventing use of those materials to cure the warrant.

Defendant Mrstik seized numerous items of property during the search, but failed to provide Plaintiff with a list of those items or to leave a list at the residence searched, and failed to timely

file a search warrant return with the Clerk of District Court as required. Defendant Mrstik did not provide Plaintiff with a copy of the search warrant or warrant application, nor did Defendant Mrstik leave copies of these at the residence searched.

On June 29, 2020, Defendant Brian Bigaouette was patrol supervisor for the Marion County Sheriff's Department and was responsible for providing and coordinating law enforcement coverage for the City of Pleasantville through arrangement between the Department and the City. Defendant Bigaouette had a duty to respond to and investigate, and to supervise other officers responding to and investigating, calls for service in Pleasantville. Defendant Bigaouette allowed off-duty Defendant Mrstik, who is not employed by the Marion County Sheriff's Department, to individually interview the aforementioned complainant. Defendant Bigaouette did not interview or even contact the complainant. This allowed Defendant Mrstik to confidently make reckless and intentionally false statements attributed to the complainant in Defendant Mrstik's aforementioned affidavits.

Defendant Bigaouette also made intentionally false and reckless statements to Defendant Mrstik in relating Defendant Bigaouette's conversations with Plaintiff, with the intention of inflicting severe emotional distress on Plaintiff. The Marion County Attorney's Office has obtained recordings of the conversation between Defendant Bigaouette and Plaintiff, as well as the conversation in which Defendant Bigaouette reports to Defendant Mrstik what Plaintiff allegedly said to Defendant Bigaouette. Defendant Bigaouette's version of Plaintiff's statements is shocking to the conscious in view of the statements actually made by Plaintiff.

## IV. Injuries

Plaintiff has suffered deprivation of property without due process because numerous items unreasonably seized and not returned. Plaintiff has suffered unjustified restraint on liberty, humiliation in the community, loss of employment, loss of career and educational opportunities, and severe emotional distress due to the outrageous conduct, intentional acts and negligence of the Defendants. Plaintiff has received mental health treatment including counseling and medication as a result of the Defendants' conduct, action and negligence.

## IV. Relief

Plaintiff requests the Court order the immediate return of all seized property, with compensation for any property lost or damaged.

Plaintiff requests money damages. Actual damages are requested for Plaintiff's loss of access to and use of his property, loss of income, loss of educational and career opportunities, injury to reputation in the community, severe and serious emotional and psychological suffering associated with arrest and confinement, continued severe and serious emotional and psychological injury, loss of future income, and continued injury to reputation in the community. Punitive damages are requested to demonstrate the gravity and seriousness of Defendants' conduct, actions and negligence.

Plaintiff requests Defendant Mrstik be assessed $2,000,000 in actual damages and $5,000,000 in punitive damages.

Plaintiff requests Defendant City of Pleasantville be assessed $2,000,000 in actual damages and $10,000,000 in punitive damages for failure to properly administer and manage the police department, failure to supervise Defendant Mrstik, for allowing the city manager to supervise his own duty as police chief, for allowing the police chief to be accountable to his own self under the guise of city manager, and for otherwise maintaining customs, policies, and procedures without regard to the rights, privileges, or immunities of Plaintiff and other citizens of Pleasantville.

Plaintiff requests Defendant Bigaouette be assessed $2,000,000 in actual damages and $5,000,000 in punitive damages.

Plaintiff requests Defendant Marion County Sheriff's Department be assessed $2,000,000 in actual damages and $5,000,000 in punitive damages due to failure to properly supervise Defendant Bigaouette, failure to properly administer and manage the Department, and for failing to provide proper law enforcement service to the citizens of Pleasantville.

## VII. Exhaustion of Administrative Remedies Administrative Procedures

This action is not brought with respect to conditions of confinement, therefore the requirements of 42 U.S.C. § 1997e(a) are not applicable.

## VIII. Previous Lawsuits

Plaintiff has brought no previous action or appeal in federal court and is therefore no subject to the sanctions of 28 U.S.C. § 1915(g).

As of this date, no other lawsuits have been filed by Plaintiff in a state or federal court with the same facts as this action.

Plaintiff has filed no lawsuits in state or federal court relating to conditions of confinement.

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in dismissal of my case.

Date of signing: 21 June 2022

Signature of Plaintiff: /s/ C. Bennett
Printed Name of Plaintiff: Chad Bennett
ID Number: 6252410
Current Institution: Clarinda Correctional Facility
Address: 2000 N 16th St
Clarinda, IA 51632

### PROOF OF SERVICE

The undersigned declares under penalty of perjury that this instrument was mailed to: Clerk of District Court, U.S. Courthouse, 123 E. Walnut St, Des Moines, IA 50309, from Clarinda Correctional Facility, 2000 N 16th St, Clarinda, IA 51632 by placing it in the institution outgoing mail box with an order to charge my inmate account the proper amount for postage.

Date placed in prison mailbox: 06-21-2022

Delivery type requested: Regular U.S. Mail

/s/ C. Bennett
Chad Bennett

Chad Beaudi DeSiero
Clarinda Correctional Facility
2000 N 16th St
Clarinda IA 51632

quadient
FIRST-CLASS MAIL
IMI
$001.56
06/22/2022 ZIP 51632
043M30229217

AYED & CLEARED BY U.S.M.S.

Clerk of District Court
U.S. Courthouse
123 E Walnut St.
Des Moines IA 50309

NOTICE! This correspondence was mailed from an institution operated by the Iowa Department of Corrections. The contents are uncensored.

OMAHA P&DC 680
THU 23 JUN 2022 PM